AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Nchewi Akpoke<br><br>*Plaintiff*<br>v.<br>NEW YORK CITY, PO MERCADO, PO PEGUERO, PO FUENTES, PO TAPIA<br><br>*Defendant* | Civil Action No. 13 CIV 4582 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Alexander Peguero; NYPD Transit District 2, Canal Street MTA Station, West Broadway and Lispenard Street, New York, NY 10013

Jerry Fuentes; NYPD Transit District 2, Canal Street MTA Station, West Broadway and Lispenard Street, New York, NY 10013

Wilton Tapia; NYPD Transit District 2, Canal Street MTA Station, West Broadway and Lispenard Street, New York, NY 10013

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: PetersonDelleCave LLP
233 Broadway
Suite 1800
New York
NY10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: OCT 17 2013

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NCHEWI AKPOKE,

                        PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER ROBERT
MERCADO, POLICE OFFICER ALEXANDER
PEGUERO, POLICE OFFICER JERRY FUENTES,
POLICE OFFICER WILTON TAPIA individually, and in
their capacity as members of the New York City Police
Department,

                        DEFENDANTS.

------------------------------------------------------------------ x

**AMENDED COMPLAINT**

13-CIV-4582 (WHP)



## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Nchewi Akpoke ("Mr. Akpoke") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about August 29, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Akpoke to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Akpoke, is a 27 year old African American male.

7. Mr. Akpoke is a citizen of the United States and at all times here relevant resided at 122 Prospect Street, Staten Island, NY 10304.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Robert Mercado ("PO Mercado"), Police Office Alexander Peguero ("PO Peguero"), Police Officer Jerry Fuentes ("PO Fuentes") and Police Officer Wilton Tapia ("PO Tapia"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Akpoke is a high school graduate and has an Associates Degree from Queens College.

12. Prior to the incident in question, Mr. Akpoke had never been arrested.

13. On or about August 29, 2012, Mr. Akpoke was travelling to the SAE Institute of Technology, located at 1293 Broadway, New York.

14. Mr. Akpoke had an interview at the SAE Institute of Technology.

15. Mr. Akpoke took the Staten Island Ferry to downtown Manhattan.

16. Mr. Akpoke bought a metro-card at the South Ferry station from a vending machine.

17. Mr. Akpoke used cash to purchase the metro-card.

18. Mr. Akpoke took the 1 train to 14th Street and then transferred to the 2 train.

19. Mr. Akpoke got off the 2 train at 34th Street and walked up the stairs to exit the subway.

20. As Mr. Akpoke was exiting the platform, he held the emergency door open for a group of individuals who were exiting the platform with luggage.

21. While Mr. Akpoke was holding the emergency door he was approached by PO Mercado.

22. PO Mercado accused Mr. Akpoke of entering the platform without paying the required fare.

23. Mr. Akpoke explained to PO Mercado that he had entered the subway system at South Ferry and that he was holding the emergency exit open to assist the individuals with luggage.

24. Mr. Akpoke also explained to PO Mercado that he was on his way to an interview at the SAE Institute of Technology

25. Mr. Akpoke showed PO Mercado his metro-card.

26. PO Mercado took the metro-card from Mr. Akpoke.

27. Mr. Akpoke asked PO Mercado if he was free to leave.

28. PO Mercado told Mr. Akpoke that he was not free to leave.

29. Mr. Akpoke was frustrated at being prevented from attending his interview.

30. Mr. Akpoke put his hands in the air and said "this is not fair, you're a racist".

31. PO Mercado reacted by tackling Mr. Akpoke to the ground.

32. PO Peguero, PO Fuentes and PO Tapia approached and helped PO Mercado hold Mr. Akpoke on the ground.

33. PO Mercado sat on top of Mr. Akpoke's ribs.

34. Mr. Akpoke had previously injured his ribs and was in excruciating pain.

35. Mr. Akpoke screamed out in pain.

36. PO Mercado then slammed Mr. Akpoke's face to the ground.

37. Without legal justification or probable case, PO Mercado arrested Mr. Akpoke.

38. PO Mercado took Mr. Akpoke to the Transit Division District 2 station house.

39. Mr. Akpoke was processed at the station house.

40. Mr. Akpoke was then taken to Central Bookings.

41. On August 29, 2012, PO Mercado signed a Criminal Court Complaint falsely alleging that he observed Mr. Akpoke enter the subway station without paying the fare.

42. At approximately 12:10 pm on August 30, 2012, Mr. Akpoke was arraigned and charged with Theft of Services, in violation of New York Penal Law Section 165.14 (3), Criminal Trespass in the Third Degree, in violation of New York Penal Law Section 1401.10 (a), and Resisting Arrest in violation of New York Penal Law Section 205.30.

43. Mr. Akpoke was released on his own recognizance.

44. Mr. Akpoke subsequently made numerous court appearances.

45. On or about May 16, 2013, all charges against Mr. Akpoke were dismissed on the motion of the New York County District Attorney's Office.

46. Mr. Akpoke continues to feel traumatized by the events of August 2012, and is wary and fearful when he sees police officers.

47. Mr. Akpoke takes efforts to avoid police officers when in public.

48. Mr. Akpoke suffered physical injuries as a result of this incident, including redness, swelling, bruising and pain to his chest and his eye.

49. Mr. Akpoke suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

### FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

53. Defendants confined plaintiff.

54. Plaintiff was aware of, and did not consent to, his confinement.

55. The confinement was not privileged.

56. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

60. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

63. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

64. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

65. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

68. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

69. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

70. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

### (Failure to Intervene)

71. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.
72. Defendant PO Mercado arrested plaintiff without probable cause and used excessive force in effecting the arrest of plaintiff.
73. Defendants PO Peguero, PO Fuentes and PO Tapia were aware, or should have been aware, that PO Mercado did not have probable cause to arrest plaintiff and was using excessive force in effecting the arrest of plaintiff.
74. Defendants PO Peguero, PO Fuentes and PO Tapia failed to intervene to prevent PO Mercado from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.
75. Defendants PO Peguero, PO Fuentes and PO Tapia had sufficient time to intercede and had the capability to prevent PO Mercado from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.
76. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

77. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
>Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
>Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
>And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         October 16, 2013

By: _____
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075